UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   **CV 14-02548 DMG**<br>Bankruptcy Case No. **2:10-BK-57471-BR**<br>Adversary Proceeding No. **2:11-AP-01488-BR** | Date   October 6, 2014 |

Title   *In re: Alexander David Shohet*      Page 1 of 8

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings: **IN CHAMBERS—ORDER AFFIRMING BANKRUPTCY COURT'S RULING GRANTING APPELLEES' MOTION FOR COSTS AFTER TRIAL**

## I.
## INTRODUCTION

On June 4, 2014, Dr. Howard Samuels ("Appellant") filed an appeal of the Bankruptcy Court's ruling granting Alexander David Shohet and Bernadine Francis Frieds' ("Appellees") Motion for Costs After Trial [Doc. No. 9]. The Court has considered the papers filed in support of and in opposition to the appeal, and deems this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's ruling.

## II.
## PROCEDURAL HISTORY

The underlying bankruptcy case was initiated on November 3, 2010, when the Appellees filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the U. S. Bankruptcy Court, Central District of California. (Case No. 2:10-bk-57471, Doc. No. 1.) The adversary proceeding underlying this action commenced when Appellant filed a complaint against Appellees on February 8, 2011 in the U. S. Bankruptcy Court, Central District of California. (Adversary Case No. 2:11-ap-01488, Doc. No. 1.) A court trial was held in the U.S. Bankruptcy Court on December 18-20, 2013 and the Honorable Barry Russell, United States Bankruptcy Judge, found in favor of Appellees on all claims.[1] (Adv. Doc. No. 89.) On February 18, 2014, Appellees filed

---

[1] The Bankruptcy Court (1) granted the Appellees' bankruptcy discharge under § 727 of the Bankruptcy Code, and (2) held Appellant's claim to be dischargeable in bankruptcy under § 523(a)(2), (a)(4), or (a)(6) of the Bankruptcy Code.

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 14-02548 DMG**<br>**Bankruptcy Case No. 2:10-BK-57471-BR**<br>**Adversary Proceeding No. 2:11-AP-01488-BR** | Date   October 6, 2014 |
| Title | *In re: Alexander David Shohet* | Page   2 of 8 |

a Motion for Costs After Trial (Bill of Costs). (Adv. Doc. No. 92.) Appellant filed his Opposition on February 25, 2014 disputing the amount requested. (Adv. Doc. No. 93.) The Bankruptcy Court granted Appellees' Motion for Costs After Trial on March 13, 2014. (Adv. Doc. No. 95.) Appellant filed his Notice of Appeal in the U. S. Bankruptcy Court on March 27, 2014. (Adv. Doc. No. 97.)

### III.
### JURISDICTION

Appellate jurisdiction is proper here under Federal Rules of Bankruptcy Procedure, Rule 8001(e)(1) and under 28 U.S.C. § 158(c)(1). Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 8001(e)(1), election may be made to have an appeal heard by the district court instead of the bankruptcy appellate panel. (*See* Fed. R. Bankr. P. 8001(e)(1).) Similarly, pursuant to 28 U.S.C. § 158(c)(1), an appellant may elect to have an appeal from a bankruptcy court order heard by the district court. (*See* 28 U.S.C. § 158(c)(1).)

Pursuant to Federal Rules of Bankruptcy Procedure, Rule 8001(a), "[a]n appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." (Fed. R. Bankr. P. 8001.) Federal Rules of Bankruptcy Procedure, Rule 8002(a) provides that, "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of judgment, order, or decree appealed from." (*Id.* at Rule 8002(a).) The Bankruptcy Court granted Appellees' Motion for Costs After Trial on March 13, 2014 (Bill of Costs). (Adv. Doc. No. 95). Appellant filed his Notice of Appeal in the U. S. Bankruptcy Court on March 27, 2014, within the time frame prescribed by statute. (Adv. Doc. No. 97.)

### IV.
### STANDARD OF REVIEW

An award of costs and expenses is reviewed for abuse of discretion. *In re Neff*, 2013 WL 1897019, *3 (9th Cir. BAP 2013) (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008); *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir. 2013). The "Ninth Circuit has consistently recognized that the trial court has discretion as to what costs to allow and in reviewing the allowance or disallowance of such costs, '[t]he standard of review is abuse of discretion.'" *Young v. Aviva Gelato, Inc. (In re Aviva Gelato, Inc.)*, 94

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-02548 DMG**<br>**Bankruptcy Case No. 2:10-BK-57471-BR**<br>**Adversary Proceeding No. 2:11-AP-01488-BR** | Date | October 6, 2014 |
|---|---|---|---|

| Title | *In re: Alexander David Shohet* | | Page | 3 of 8 |
|---|---|---|---|---|

B.R. 622, 624 (9th Cir. BAP 1988), *aff'd*, 930 F.2d 26 (9th Cir.1991) (table) (quoting *National Organization for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982).) "A bankruptcy court's order awarding attorneys fees and costs … is reviewed for abuse of discretion." *In re Montano*, 501 B.R. 96, 105 (9th Cir. BAP 2013) (citing *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1101 (9th Cir. 2001).) "We review the award of fees and costs for abuse of discretion, and will overturn the district court's decision if it is based on an erroneous determination of law." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).)

     A two-part test is applied "to determine objectively whether the bankruptcy court abused its discretion." *In re Seyed Shahram Hosseini*, 504 B.R. 558, 563 (9th Cir. BAP 2014) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (*en banc*).) First, the court must determine *de novo* whether the bankruptcy court identified the correct legal rule for analysis. *Hinkson*, 585 F.3d at 1261-62. Next, "the second step of [the] abuse of discretion test is to determine whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* (footnote omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).) The *Hinkson* court stated that, "we may not simply substitute our view for that of the district court, but rather must give the district court's findings deference." *Hinkson*, 585 F.3d at 1262 (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43, 96 S.Ct. 2778 (1976).)

**V.**
**DISCUSSION**

     On February 18, 2014, Appellees filed a Motion for Costs After Trial (Bill of Costs), seeking total costs in the amount of $23,373.73. (Adv. Doc. No. 92.) Appellant filed his Opposition on February 25, 2014 stating that $11,135.06 should be deducted from Appellees' Bill of Costs because the costs were not "reasonably necessary to the prosecution or defense of this action" and thus only $12,238.67 in total costs should be awarded. (Adv. Doc. No. 93.) The Bankruptcy Court granted Appellees' Motion for Costs After Trial in its entirety on March 13, 2014. (Adv. Doc. No. 95.)

     28 U.S.C. §§ 1920 and 1921 provide the bases for Appellees' award of costs. Section 1920 pertaining to the "[t]axation of costs" provides that, "[a] judge or clerk of any court of the

UNITED STATES DISTRICT COURT  JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. **CV 14-02548 DMG**    Date October 6, 2014
    **Bankruptcy Case No. 2:10-BK-57471-BR**
    **Adversary Proceeding No. 2:11-AP-01488-BR**

Title *In re: Alexander David Shohet*    Page 4 of 8

United States may tax as costs ... [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Section 1920(2) has been interpreted by courts to include deposition costs. *See, e.g., Advance Business Systems and Supply Co. v. SCM Corp.,* 287 F.Supp. 143, 162, 165 (D.Md. 1968), *aff'd,* 415 F.2d 55 (4th Cir. 1969), *cert. denied,* 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970); *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir. 1983) ("Courts have generally held that the cost of taking and transcribing depositions fits within subsection 2"); *Sun Ship, Inc. v. Lehman,* 655 F.2d 1311, 1318 n. 48 (D.C.Cir. 1981). Section 1921 provides that "a court may tax as costs" for "[s]erving a subpoena or summons for a witness or appraiser." 28 U.S.C. § 1921 (a)(1)(B). Further, the costs sought by Appellees were recoverable pursuant to the Bankruptcy Court Manual Section 2.8(e).[2]

In determining costs awards in the context of Section 1920, "authorities have recognized that a trial court possesses broad discretionary powers in the allowance or disallowance of costs within the categories set out in § 1920." *Charter Medical Corporation v. Cardin,* 127 F.R.D. 111, 113 (D.Md. 1989) (citing *Advance Business Systems and Supply Co. v. SCM Corp.,* 287 F.Supp. 143, 162, 165 (D.Md. 1968), *aff'd,* 415 F.2d 55 (4th Cir. 1969), *cert. denied,* 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970).) The district court should be afforded "great latitude in determining whether an award of deposition costs is warranted." *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 (5th Cir. 1982).

A. <u>**Prevailing Party Presumptively Entitled to Costs**</u>

Rule 7054(b) of the Federal Rules of Bankruptcy Procedure provides that in adversary proceedings, a "court may allow costs to the prevailing party except when a statute ... or these rules otherwise provides." (Fed. R. Bankr. P. 7054(b).) "Pursuant to Bankruptcy Rule 7054(b), a bankruptcy court is given discretion as to whether to award costs to a prevailing party in a contested matter." *In re Aviva Gelato, Inc.,* 94 B.R. at 624. Bankruptcy Rule 7054(b) is derived from but differs from Rule 54(d) of the Federal Rules of Civil Procedure in that it allows for greater discretion in the determination of costs awards. *Id.* Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." (Fed. R. Civ. P. 54 (d)(1).) Despite the non-mandatory nature of the award of costs in the bankruptcy context, rule 7054(b) "provides a strong presumption in favor of awarding statutory costs to the

---

[2] The Bankruptcy Court Manual includes the following items taxable as costs: transcripts, costs incurred in connection with taking depositions, and reproduction of documents. *See* Manual §§ 2.8(e)(5), (e)(6), and (e)(10).

UNITED STATES DISTRICT COURT      JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-02548 DMG**<br>**Bankruptcy Case No. 2:10-BK-57471-BR**<br>**Adversary Proceeding No. 2:11-AP-01488-BR** | Date | October 6, 2014 |
|---|---|---|---|

| Title | *In re: Alexander David Shohet* | Page | 5 of 8 |
|---|---|---|---|

prevailing party." *Brown v. Real Estate Resource Management, LLC (In re Polo Builders, Inc.*, 397 B.R. 396, 406 (Bankr. N.D. Ill. 2008) (citing *Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999); *Renfrow v. Draper*, 232 F.3d 688, 695 (9th Cir. 2000) ("Unlike the principle that attorney's fees cannot be awarded, there is no bankruptcy law policy against the granting of costs to a prevailing party for expenses in litigating federal law questions in a bankruptcy proceeding").)

Local Bankruptcy Rule 7054-1(a) provides that, "the court may award costs to the prevailing party. No costs will be allowed unless a party qualifies as, or is determined by the court to be, the prevailing party under this rule." Local Bankruptcy Rule 7045-1(b)(2) provides that the defendant is the prevailing party when dismissal or judgment is made in favor of the defendant. Here, there is no dispute that Appellees were the prevailing parties in the underlying adversary case. (*See* Adv. Doc. No. 89.)

**B.    Costs Recoverable if 'Reasonably Necessary for Use in the Case'**

Appellant argues that the majority of the costs requested by and awarded to Appellees were impermissible. (Appellant's Opening Brief ("AOB"), 2.) Appellant claims that Appellees requested reimbursement for deposition and service of process costs for witnesses who "had no bearing on this case." (*Id.*) The depositions of the six witnesses at issue pertained to discovery in a separate case that is still pending.[3] (*Id.*) Appellant alleges that $6,528.45 in impermissible costs awarded to Appellees pertain to the depositions of those six third-party individuals.[4] (*Id.* at 8-9.) Appellant further alleges that additional impermissible costs pertain to the costs of service on the same six individuals as well as for failed service attempts on two other individuals and a law firm totaling $4,606.61.[5] (*Id.* at 9.) Appellant argues that because the witnesses at issue, (the "Wonderland Witnesses"), were deposed only for purposes of discovery in the other pending case and "were never intended to testify in this case," their costs should never have been allowed. (*Id.* at 2.)

---

[3] Case No. 2:12-ap-01834 was, at the time of briefing, still pending before Judge Robles and was brought by Appellees against Appellant.

[4] The six deponents are: (1) Cathy Griffin, (2) Johanna Robin, (3) David Sheridan, (4) Doree Cambas, (5) Steve Caraco, and (6) Dr. Jason Coe. (*Id.*)

[5] The failed service attempts were for: (1) Andrew Spanswick, (2) Anthony Melia, and (3) Zuber & Taillieu LLP. (*Id.*)

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | **CV 14-02548 DMG** | Date    October 6, 2014 |
| | **Bankruptcy Case No. 2:10-BK-57471-BR** | |
| | **Adversary Proceeding No. 2:11-AP-01488-BR** | |

| | | |
|---|---|---|
| Title | *In re: Alexander David Shohet* | Page    6 of 8 |

       Appellees contend that "the trial papers make it clear that it was important for Shohet and Fried to depose the Wonderland Witnesses in order to prepare for trial in the underlying case." (Appellees' Brief ("AB"), 5.) Further, Appellees state that all of the witnesses at issue were listed by Appellees as potential trial witnesses in the Joint Pretrial Stipulation in the underlying adversary proceeding. (*Id.*; Adv. Doc. No. 37.) In addition, Appellees note that Appellant himself submitted expected trial testimony declarations for three of the six contested witnesses. (*Id.* citing Adv. Doc. Nos. 57, 63, 66.) Appellees also argue that in in the Joint Pretrial Stipulation, Appellant listed Doree Cambas, one of the Wonderland Witnesses, as a potential trial witness for his case. (*Id.*; Adv. Doc. No. 37.) Appellees assert that, "[a]t the time the depositions were taken, Shohet and Fried reasonably believed that deposing these witnesses was reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)

       Courts have held that "costs under Fed. R. Civ. P. 54(d) are properly denied if 'the prevailing party's taxable costs are unnecessary or unreasonably large.'" *In re Aviva Gelato, Inc.*, 94 B.R. 622, 625 (9th Cir. BAP 1988) (quoting *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986).) In evaluating whether certain depositions are necessary costs, "some courts have recognized that depositions are not obtained unnecessarily even if they are not essential to the court's final resolution of the case." *In re Aviva Gelato, Inc.*, 94 B.R. at 625 (citing *Bartell*, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 568–71 (1984).) Courts have also held that "the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial." *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981) (citation omitted).

       The test for determining if deposition costs are recoverable is if they were "necessarily obtained for use in the case." *Neely v. General Electric Co.*, 90 F.R.D. 627, 630 (N.D.Ga. 1981) citing 28 U.S.C. § 1920.[6] "In order to be considered necessarily obtained for use in the case, the deposition need not be used in the actual trial." *Id.* citing *Dasher v. Mutual Life Insurance Company of New York*, 78 F.R.D. 142 (N.D.Miss. 1974); *see, e.g., Allen v. United States Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982) ("The cost award may include the reporting fees for depositions that are reasonably necessary for use in the case, even though the depositions may not have been used at trial"); *In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975*, 687 F.2d 626, 631-32 (2d Cir. 1982) (district court did not abuse its discretion in awarding the costs of depositions not used at trial"); *Ramos v. Lamm*, 713 F.2d 546, 560 (10th

---

       [6] This test derives from the language "necessarily obtained for use in the case" in 28 U.S.C. § 1920(2), *supra*, regarding the taxation of costs. *See In re Aviva Gelato, Inc.*, 94 B.R. at 625.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT     JS6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-02548 DMG**<br>**Bankruptcy Case No. 2:10-BK-57471-BR**<br>**Adversary Proceeding No. 2:11-AP-01488-BR** | Date | October 6, 2014 |
|---|---|---|---|

| Title | *In re: Alexander David Shohet* | | Page | 7 of 8 |
|---|---|---|---|---|

Cir. 1983) (no abuse of discretion by district court in taxing depositions and copies of depositions as costs because they "were reasonably necessary to the prosecution of the action"); *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981) ("the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial").

### 1. Hindsight Not Dispositive

Courts have recognized that "in reviewing whether certain costs are 'necessary,' a trial court should make the determination in light of the situation existing at the time the deposition was taken rather than by use of hindsight." *In re Aviva Gelato, Inc.*, 94 B.R. at 625 (citing Bartell, Taxation of Costs and Awards of Expenses in Federal Court, 101 F.R.D. 553, 568–71 (1984).) "The question is essentially whether the taking of the deposition was reasonably necessary in light of the particular situation existing at the time of taking." *Id.* citing *Nationwide Auto Appraiser Service, Inc. v. Association of Casualty & Surety Companies*, 41 F.R.D. 76 (W.D.Okl. 1966). In *Charter Medical Corporation v. Cardin*, cited by Appellant in his moving papers, the court held that in deciding if deposition costs should be awarded, the court could consider "whether the taking of the deposition was reasonably necessary to the party's case in light of the particular situation existing at the time of taking." 127 F.R.D. at 113 (citing *Advance Business Systems*, 287 F.Supp. at 165.)

### 2. Witnesses Necessary to Defend Against Allegations in Complaint

Appellant argues that the depositions of the witnesses at issue were taken only "to prove the affirmative claims now pending before Judge Robles." (AOB, 12.) However, as Appellees correctly point out, this argument "ignores the allegations in Samuels' own Complaint." (AB, 5.) Appellant's Complaint in the adversary proceeding contains allegations against Appellee Shohet including, *inter alia*, that "Shohet . . . [a]ttempted to physically intimidate Samuels and members of Wonderland's staff . . . [w]as aggressive, offensive, condescending, and dismissive to Samuels and Wonderland's staff members . . . [p]ublically [sic] berated and reprimanded Samuels and members of Wonderland's staff." (Complaint ¶ 15; Adv. Doc. No. 1.) Appellees assert that, "[i]n the face of these types of allegations, it was necessary and reasonable for Shohet and Fried to depose key employees of Wonderland." (AB, 6.)

The Court finds that the taking of the depositions of the Wonderland Witnesses and the associated costs thereof, as well as the attempted service of process on the additional witnesses,

| UNITED STATES DISTRICT COURT | JS6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |
| CIVIL MINUTES—GENERAL | |

| Case No. | CV 14-02548 DMG | Date | October 6, 2014 |
|---|---|---|---|
| | Bankruptcy Case No. 2:10-BK-57471-BR | | |
| | Adversary Proceeding No. 2:11-AP-01488-BR | | |

| Title | *In re: Alexander David Shohet* | Page | 8 of 8 |
|---|---|---|---|

were reasonably necessary to Appellees' case based on the information known to them at the time. In anticipation of trial, Appellant provided expected trial testimony declarations for three of the six deposed Wonderland Witnesses. Further, Appellant listed one of the contested Wonderland Witnesses, Doree Cambas, as his own trial witness. In addition, Appellant's Complaint in the adversary proceeding contained allegations against Appellee Shohet involving Wonderland employees, which necessarily implicated the Wonderland Witnesses.

In light of the facts presented, the Court cannot find that the trial court's determination was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See Hinkson,* 585 F.3d at 1261-62. Appellant has failed to show that the trial court, which handled this case for three years including a three-day bench trial, abused its discretion in the award of costs. Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion in awarding costs to Appellees.

## VI.
## CONCLUSION

In light of the foregoing, the Court **AFFIRMS** the Bankruptcy Court's ruling granting Appellees' Motion for Costs After Trial.

**IT IS SO ORDERED.**


**cc: Bankruptcy Court**